87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
5-MILE INVESTMENT COMPANY, a limited partnership by Harold
E. Carmen and Frances E. Carmen Trust for the benefit of
Grant Dixon III; Harold E. Carmen and Frances E. Carmen
Trust for the benefit of Janice R. Ellis/Dixon; and Harold
E. Carmen and Frances E. Carmen Trust for the benefit of Hal
R. Dixon II, each Trust by Mary E. Hottinger, trustee,
general partners, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant,
and
The Money Store Investment Corporation, a foreign
corporation, Defendant-Appellant.
 No. 95-35325.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided June 18, 1996.
 
 Before: LAY,* FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Money Store Investment Corporation ("TMSIC") appeals from the district court's entry of summary judgment in favor of Five-Mile Investment Company ("5-Mile") in the instant quiet title action, arguing that the magistrate judge erred by concluding that the notice of default and option to cure given by 5-Mile was legally sufficient to warrant the forfeiture of TMSIC's leasehold interest. We review de novo, see Buffets, Inc. v. Klinke, 73 F.3d 965, 967 (9th Cir.1996), and we affirm.
 
 
 3
 Based on largely undisputed facts, the district court found that TMSIC was unquestionably informed, both indirectly (i.e., by virtue of the December 5, 1989 letter from counsel for the lessee enclosing a copy of 5-Mile's November 28, 1989 letter to the lessee) and directly (by 5-Mile's letter to TMSIC of December 14, 1989) of the lessee's default. Moreover, 5-Mile's December 14 letter to TMSIC makes clear that 5-Mile would not assume certain obligations under the lease, and that TMSIC had fifteen days within which to contact 5-Mile and assume the lease, thereby curing the default. TMSIC ignored 5-Mile's letter until after March 6, 1990, when 5-Mile wrote to say that TMSIC's interest in the property had been terminated.
 
 
 4
 It has long been recognized by the Washington courts that, while forfeitures are not favored in the law, they will be upheld where the parties contracted therefor and the facts support such a result. Spedden v. Sykes, 51 Wash. 267, 272, 98 P. 752, 754 (1908). Under the facts of this case, we hold that the district court did not err by concluding that TMSIC had legally sufficient notice of default and opportunity to cure. Because we find no merit to any of TMSIC's remaining arguments, the decision appealed from is
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3